Monday, 24 November, 2014  02:49:12 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>KELLOG BROWN & ROOT<br>SERVICES, INC., et al,<br>　　　Defendants. | Case No. 4:12-cv-04110-SLD-JEH |

## Order

Now before the Court are the United States' Motion to Strike Defendants' Affirmative Defenses (Doc. 71) and the United States' Motion to Strike Defendant OAS' Affirmative Defenses (Doc. 79). The Motions are fully briefed, and for the reasons set forth below, the United States' Motions to Strike are DENIED.

**I**

On December 21, 2012, the United States filed a 33-page First Amended Complaint (Doc. 3) alleging violations of the False Claims Act, the Contract Disputes Act, and Breach of Contract. On May 2, 2014, Defendants Kellog Brown & Root Services, Inc. (KBRSI) and Kellog Brown & Root LLC (KBR) filed their Answer to First Amended Complaint of the United States of America (Doc. 70) which included 11 Affirmative Defenses. On October 14, 2014, Defendant Overseas Administrative Services, Ltd. (OAS) filed its Answer to First Amended Complaint of the United States of America (Doc. 77) which also included 11

Affirmative Defenses. After the Defendants filed their Answers, the United States filed Motions to Strike Affirmative Defenses 1-2 and 4-10.[1]

The Defendants set forth their Affirmative Defenses 1-2 and 4-10 as follows:

1. The Complaint fails to state a claim upon which relief can be granted.
2. Defendants are not legally responsible for acts or omissions allegedly undertaken by employees, subcontractors, and others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, and/or without the knowledge of persons having legally sufficient levels of responsibility or authority within the relevant Defendant companies.
4. The claims in the Complaint are barred in whole or in part by the statute of limitations.
5. The claims in the Complaint are barred in whole or in part by laches.
6. The claims in the Complaint are barred in whole or in part by estoppel.
7. The claims in the Complaint are barred in whole or in part by waiver.
8. The claims in the Complaint are barred in whole or in part by assumption of risk.
9. The claims in the Complaint are barred in whole or in part because the government has unclean hands.
10. The claims in the Complaint are barred in whole or in part because the government has failed to mitigate its damages, if any.

---

[1] As the United States explains in its Motion to Strike Defendant OAS' Affirmative Defenses, OAS, KBRSI, and KBR assert the exact same affirmative defenses. The United States also explains that as a result, its Motion to Strike against OAS is supported by the same grounds set forth in detail in the memorandum accompanying the United States' prior Motion to Strike against KBRSI and KBR. Accordingly, the Court's analysis herein is the same for both Motions to Strike.

(Doc. 70 at pgs. 26-27); (Doc. 77 at pgs. 33-34). The United States now seeks to strike Affirmative Defenses 1-2 and 4-10 on various grounds. It is unnecessary for the Court to address the various grounds for the reasons explained below.

## II

In their briefs on the Motions to Strike, both the United States and the Defendants acknowledge from the outset that motions to strike affirmative defenses are not favored. *Williams v Jader Fuel Company*, 944 F2d 1388, 1400 (7th Cir 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases); *Heller Financial, Inc. v Midwhey Powder Company*, 883 F2d 1286, 1294 (7th Cir 1989) (explaining that motions to strike are disfavored because they potentially serve only to delay). Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hofmann v Sumner*, 478 F Supp 2d 1024, 1028 (ND Ill 2007); *Rivertree Landing LLC v Murphy*, 246 FRD 667, 667 (ND Ill 2007).

Here, rather than seeking to remove unnecessary clutter from the case at this early stage via its Motions to Strike, the United States would seek to delay the case by raising somewhat complex legal questions in its Motions to Strike the Defendants' Affirmative Defenses. The Rule 16 Scheduling Conference has not yet occurred. The case's progression through discovery may make the dispute over certain Affirmative Defenses entirely moot. Moreover, as for this case's progression, the United States does not identify how it is prejudiced by the inclusion of the Defendants' Affirmative Defenses 1-2 and 4-10 at this stage.

## III

Given that motions to strike are disfavored and that the United States does not identify how it is prejudiced by the inclusion of the Defendants' Affirmative Defenses 1-2 and 4-10 at this stage of the case, the United States' Motion to Strike Defendants' Affirmative Defenses ([Doc. 71](Doc. 71)) and the United States' Motion to Strike Defendant OAS' Affirmative Defenses ([Doc. 79](Doc. 79)) are DENIED. The United States will still have an opportunity to challenge the Defendants' Affirmative Defenses at the summary judgment stage, should the information obtained during discovery warrant such a challenge.

Entered on November 24, 2014.

s/Jonathan E. Hawley<br>
U.S. MAGISTRATE JUDGE