UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 4:12-cv-04110-SLD-JEH |
| KELLOGG BROWN & ROOT SERVICES, INC., et al., | |
| Defendants. | |

ORDER

Defendant Kellogg Brown & Root Services, Inc. ("KBR") has filed a motion, ECF No. 100, to compel the United States to respond to various discovery requests in this False Claims Act (sometimes abbreviated "FCA") case. After considering all the briefing and evidence submitted by the parties,[1] the Court DENIES the motion to the extent it seeks a determination that 31 U.S.C. § 3731(b)(2) should be construed broadly. KBR is entitled, however, to discovery on its statute of limitations defense to the extent that discovery is relevant to the Department of Justice's Civil Division's knowledge of facts that would have put it on notice of a potential FCA claim against KBR.

   a.   **Factual and legal background**

The federal government contracted with KBR to provide logistical support for the United States Army during the Iraq war, in particular for KBR to supply among other things trailers for soldiers to live in. *See* Sept. 30, 2014 Order, ECF No. 75 (recounting the government's allegations in detail before denying KBR's motion to dismiss). KBR worked with a subcontractor called First Kuwaiti Trading Company, which allegedly inflated the bill it sent to

---

[1] KBR's agreed motion for leave to file a reply, ECF No. 105, is GRANTED, as is the United States' agreed motion for leave to file a sur-reply, ECF No. 109.

1

KBR.  KBR, in turn, submitted an allegedly inflated bill to the United States.  KBR's reliance on First Kuwaiti's claimed bills, when KBR allegedly knew or should have known the figures were wildly inaccurate, forms the basis for the government's legal claims, which assert both violations of the False Claims Act and breach of contract, *see* Am. Compl. 30–33, ECF No. 3.[2]

KBR intends to assert a statute of limitations defense to the United States' FCA claims, *see* Answer 34 ¶ 4, ECF No. 77—the alleged underlying false claims were submitted in 2004 but the government did not file its lawsuit until November 19, 2012.  The government, for its part, relies on a tolling provisions built into the False Claims Act.  To take advantage of that statutory provision, however, the government must waive its attorney-client and work product privileges to the extent they would protect information relevant to the factual question of when the United States knew or reasonably should have known of the falsity of KBR's claims.[3]

The False Claims Act's statute of limitations states:

A civil action under section 3730 may not be brought --

> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

Whichever occurs last.

31 U.S.C. § 3731(b).

---

[2] The government has proffered a version of the facts, Resp. 4–6, that includes greater detail as to KBR's submission of the allegedly unlawful claims, the government's varying responses to KBR's claims (initially denying for lack of justification, then granting, then clawing back part of the payment), and the government's agency investigations into the claims.

[3] KBR states that the government concedes that it has waived privilege. KBR Mem. 1–2.  That's not quite what the government wrote in the material cited by KBR, but in any event the government has not challenged whether it has waived privilege in its response, only that the scope of its waiver is narrow.

Additionally, when the government sues for money damages on a breach of contract theory, as it has in this case, the judicial code requires the suit be filed "within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later . . . ." 28 U.S.C. § 2415(a). This rule is subject to exception as well; section 2416(c) tolls the statute of limitations on contract claims for money damages by the government if "facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances . . . ."[4]

b. **KBR's motion to compel and the government's response**

The parties disagree on the scope of discovery as to the statute of limitations issue, *see* KBR Mem. Exs. E, H (attorney correspondence), ECF Nos. 101-5, 101-8, so KBR has asked the Court to compel the government to respond to various interrogatories, requests for production, and topics covered by a Rule 30(b)(6) deposition notice.[5] *See* KBR Mem. 8–9, ECF No. 101. Although the motion to compel covers several individual discovery items, its resolution turns on

---

[4] Some clarification is in order: two different statutes at issue in this motion have nearly identical language. *Compare* 31 U.S.C. § 3731(b)(2) ("A civil action under section 3730 may not be brought . . . more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances . . . ."), *with* 28 U.S.C. § 2416(c) ("For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which . . . facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances . . . ."). Aside from the obvious textual difference created by Congress' use of a definite article in one statute and an indefinite article in the other, federal courts interpret § 2416(c) differently than they interpret § 3731(b)(2), as explained in greater detail below.

[5] The requested discovery that is the subject of KBR's motion to compel is attached to the motion as exhibits B, C, and D. ECF Nos. 101-2, 101-3, and 101-4. As an example, KBR's Interrogatory 19 asks the government to "identify and describe in detail all investigations by any entity of the United States Government, including but not limited to the Department of Justice, DCAA, DCMA, any branch of the military, or any grand jury proceeding, of KBR, any KBR employee past or present, FKTC, Anthony Martin, Subcontract 11, or any other person or entity related to the allegations in the Complaint. For each investigation you identify, state the date when the investigation began [and] identify all persons who at any time worked for any part of the government on the investigation or otherwise received any communications regarding the investigation . . . ." KBR Mem. Ex. B ¶ 19, ECF No. 101-2.

the same dispositive issue—what is or is not relevant to KBR's statute of limitations defense, *see* Fed. R. Civ. P. 26(b)(1).

KBR contends that "at least" three of the government's claims might be time-barred, including the claims arising out of: KBR's submission of allegedly false claims in August 2004, *see* Am. Compl. ¶ 93; KBR's alleged conspiracy with First Kuwaiti to violate the False Claims Act, *see id.* ¶ 104; and KBR's alleged breach of contract, *see id.* ¶ 110. KBR Mem. 5. KBR offers four arguments in support of its motion. *See* KBR Mem. 3–5. Its first argument is based on § 2416(c), the general government-as-plaintiff statute of limitations: information related to when various government officials became aware of KBR's false claims should be discoverable because it is directly relevant to the timeliness of the government's breach of contract claim. KBR's second and third arguments are based on the False Claims Act. KBR contends "the official of the United States charged with responsibility to act," *see* 31 U.S.C. 3731(b)(2), should be construed broadly—meaning it should include government workers outside the Department of Justice's Civil Division ("DOJ Civil")—and thus information known by any federal government official who could conceivably act on knowledge of a false claim is discoverable. Also, KBR posits that because § 3731(b)(2) incorporates a "should have known" standard; even if the statutory term "the official . . . charged with responsibility to act" is construed narrowly, information held by agencies or officials outside DOJ Civil is still relevant to the ultimate factual issue of when DOJ Civil *should* have known about KBR's alleged fraud. KBR's last argument cites Federal Rule of Civil Procedure 26(b)(1), reminds the Court that "the bar for permissible discovery is low," and contends that information held by other agencies should be discoverable because information that shows DOJ Civil's knowledge could be found on, for example, email servers from other agencies.

4

The United States' response ignores 28 U.S.C. § 2416(c), instead stating flatly that "the statute of limitations for the Government's contract claims is governed by 28 U.S.C. § 2415(a)." Resp. 9, ECF No. 104.  Because the government filed its complaint before the relevant agency action became final—and § 2415(a)'s 6-year period is triggered by final agency action—the claim's timeliness cannot be disputed, or so the United States theorizes.  The United States goes on to offer a different construction of the False Claims Act than does KBR.  Resp. 10–18.  In particular, it meets KBR's textual and legislative-history arguments and cites cases that construe § 3731(b)(2)'s "the official . . . charged with responsibility to act" to include only the knowledge of the Attorney General or her designees, excluding knowledge held by other agencies or attorneys.  Finally, the government admits that the knowledge of other agencies may be relevant to when DOJ Civil ought to have known of KBR's alleged false claims, but only to the extent that knowledge was made public (via report or otherwise), and KBR does not need discovery to search for public information.  Resp. 19–21.  The United States substantively concludes by addressing discovery related to any grand jury investigations; it contends that even if there was a grand jury investigation covering the underlying events, the criminal division's knowledge should not be imputed to DOJ Civil because of the rules related to grand jury secrecy.  Resp. 22.[6]

Much of the government's briefing shades into argument on the merits of the statute of limitations issue.  For example, it contends that because KBR has never admitted that it knew its claims were false then there is no way DOJ Civil knew or should have known that it had a viable fraud claim.  Of course, DOJ Civil could have learned facts that should have put it on notice of an FCA claim arising out of KBR's allegedly massive fraud from other sources besides KBR.

c. **Discussion**

---

[6] The parties expand on or clarify their arguments in the reply and sur-reply, but little new ground is broken.

Rule 26 states in relevant part that the scope of discovery in a civil action encompasses "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b).[7] KBR's statute of limitations defense squarely puts the government's knowledge of KBR's allegedly false claims at issue, and the government's invocation of the discovery rule waives the relevant privileges. The question now is which government officials' knowledge matters—the answer helps define the scope of the government's waiver of privilege.[8]

1. **"[T]he official" under 31 U.S.C. § 3731(b)(2)**

The text and structure of the False Claims Act, as well as the overwhelming weight of the case law that construes it, require a narrower reading of § 3731(b)(2) than KBR proposes. "The official of the United States," as the statute uses the term, means the Attorney General or her designees.

The False Claims Act's 3-year statute of limitations triggers on the date that "the official of the United States" knew or reasonably should have known "facts material to the right of action." 31 U.S.C. § 3731(b)(2). What is or is not material to the right of action is defined by the False Claims Act's substantive elements. Among the elements in the FCA claims at issue here are (1) that the claims were false and (2) that KBR knew the claims were false. *See* 31

---

[7] Rule 26 was recently amended to include the concept of "proportional[ity]." That amendment does not affect the outcome of KBR's motion to compel—this is a large case with high stakes. To the extent the government seeks to mitigate the burden of discovery a better solution in this case is to manage discovery, not deny it outright.

[8] The government has eschewed reliance on § 2416(c), the tolling provision for government-as-plaintiff breach of contract claims. It has done so unambiguously. *See* Resp. 9; *see also* Sur-reply 2 ("As the Government previously stated, it is not [relying on 28 U.S.C. § 2416(c) for its common law breach of contract claims]."). Accordingly, KBR's argument that § 2416(c) entitles it to broad discovery is inapt. As a corollary, however, KBR has a strong claim going forward that the government is estopped from invoking § 2416(c) in this action. It would be unfair for the government to argue out of one side of its mouth during discovery and the other side in subsequent merits briefing. *See In re Knight-Celotex, LLC*, 695 F.3d 714, 721–22 (7th Cir. 2012) (discussing doctrine of judicial estoppel). Thus, any claim to discovery on material outside DOJ Civil (that would tend to show the government knew or should have known about the FCA claim) must flow from the FCA itself.

U.S.C. § 3729(a)(1).[9]  Courts have described the "should have known" standard as requiring diligence on the government's part; the limitations period begins to run at "the point in time that the government official charged with bringing the civil action discovers, or by reasonable diligence could have discovered, the basis of the lawsuit." *United States ex rel. Miller v. Bill Harbert Intern. Const.*, 505 F. Supp. 2d 1, 7 (D.D.C. 2007).  The United States filed its complaint on November 19, 2012, so if the relevant government official or officials knew or should have known of the basis of the FCA claims via reasonable diligence before November 19, 2009, then those claims are time-barred.[10]

KBR relies heavily on the statute's legislative history in support of its contention that "the official of the United States" should be construed broadly.  The thrust of KBR's legislative history argument is that Congress intended § 3731(b)(2) to track § 2416(c).  Therefore, KBR contends, the former statute should be construed as broadly as the latter.[11]  Courts have described that legislative history as ambiguous, at best.  *See, e.g.*, *United States ex rel. Frascella v. Oracle*

---

[9] The statute further defines "knowing" and "knowingly" to

> (A) mean that a person, with respect to information—
>   (i) has actual knowledge of the information;
>   (ii) acts in deliberate ignorance of the truth or falsity of the information; or
>   (iii) acts in reckless disregard of the truth or falsity of the information . . . .

31 U.S.C. § 3729(b)(1).

[10] The parties seem to disagree over the legal standard that governs the "should have known" analysis.  *See* Resp. 19–20.  The disagreement stems from the government's assertion that KBR has engaged in fraudulent concealment of the FCA claims.  Whether KBR fraudulently concealed relevant facts is a merits question that the Court cannot decide at this stage of the case.  Accordingly, it does not yet need to decide whether some standard besides inquiry notice (the usual standard) is correct.  *See Bill Harbert*, 505 F. Supp. 2d at 7 ("In [FCA] cases where the defendant has engaged in fraudulent concealment . . . the defendant must prove that the plaintiff had a higher degree of knowledge than inquiry notice of the fraud in order to prevail on a statute of limitations defense.").  The Court notes, however, that a defendant's mere denial of liability is generally insufficient to permit a plaintiff to assert fraudulent concealment.  *See In re Copper Antitrust Litig.*, 436 F.3d 782, 791–92 (7th Cir. 2006).

[11] Courts have interpreted § 2416(c)'s "an official of the United States" to encompass government employees outside the Department of Justice.  *See United States v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 593, 607 (S.D.N.Y. 2013) ("Courts have repeatedly held that [s]ection 2416(c) applies to officials other than those at DOJ.").

*Corp.*, 751 F. Supp. 2d 842, 850 (E.D. Va. 2010) ("The structure and legislative history of the False Claims Act provide . . . mixed signals [on the meaning of § 3731(b)(2)]."); *United States v. Tech Refrigeration*, 143 F. Supp. 2d 1006, 1009 (N.D. Ill. 2001) ("[T]he legislative history is an uncertain guide to the meaning of 'official of the United States.'"). The Court agrees that § 3731(b)(2)'s legislative history is an "uncertain guide" to the meaning of the "the official of the United States," given that both sides are able to point to historical evidence that supports their position. *Cf. Frascella*, 751 F. Supp. 2d at 850–51. Accordingly, the Court declines to base the motion's outcome on the False Claims Act's legislative history.

In addition to the vagueness or ambiguity in the legislative history of the statute, the Court simply disagrees with KBR's argument. It is true that some of the language of the two statutes of limitations is identical when viewed at the most granular level. But KBR's briefing elides the relevant distinction between them.

The distinction flows from Congress's deletion of "an" and insertion of "the" to modify "official of the United States." As a definite article, the word "the" operates to "particularize[ ] the subject spoken of." *The*, Black's Law Dictionary (10th ed. 2014). That textual difference alone suggests Congress did not, in fact, intend to copy the general government-as-plaintiff statute of limitations. Though the difference may appear insignificant at first reading, when the two statutes are compared in any detail it comes into stark relief.

The False Claims Act is located in Title 31, in particular at §§ 3729–32.[12] *See* 31 U.S.C. § 3733(l)(1). Section 3731(b)(2) can toll the statute of limitations, and it refers to knowledge of "the official of the United States charged with responsibility to act in the circumstances." In the immediately preceding section, Congress laid out the "[r]esponsibilities of the Attorney

---

[12] Those sections are titled "False claims"; "Civil actions for false claims"; "False claims procedure"; and "False claims jurisdiction."

8

General."  Those statutory responsibilities are twofold:  "diligent[ ] investigat[ion]" of any § 3729 violation, and the discretionary authority to "bring a civil action under this section."  31 U.S.C. § 3730(a).  Nowhere else does the statute authorize another government official to file a complaint in court on behalf of the United States—and that is the action that is relevant to a statute of limitations.  *Cf. Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 548 (Fed. Cir. 1988) ("The Attorney General is charged with deciding whether there is sufficient evidence to bring [an FCA] suit on behalf of the United States[, and h]e is responsible for proceeding with all claims and appearing on behalf of the United States."); *United States v. Kass*, 740 F.2d 1493, 1497 (11th Cir. 1984) (interpreting § 2416(c) and writing:  "as a practical matter . . . knowledge of a cause of action at one level of government is not always immediately communicated to the particular officials charged with acting upon it").

Section 2416 is a different animal.  First, the statute is located in a chapter titled "United States as Party Generally."  28 U.S.C. § 2415(a) states that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract . . . shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after [a] final [agency] decision[ ]. . . ."  Section 2416(c) is an exception; it tolls the statute if "facts material to the right of action . . . reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances."  Section 2415 applies to all kinds of lawsuits filed by or on behalf of all kinds of government agencies. *See United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2013 WL 393037, at *13 (E.D. La. Jan. 30, 2013) ("For purposes of § 2416(c) tolling, different officials within the government are responsible for bringing different types of claims.").  The statute of limitations necessarily must be broadly applied or else it would have no effect.

Additionally, courts that have construed § 3731(b)(2) have, with near uniformity, done so narrowly and limited "the official" to the Attorney General and her designees.[13]  *See United States v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 593, 607 (S.D.N.Y. 2013) (noting that "[t]he majority of other courts that have considered this issue have" determined that the statute does not extend to all government employees who could conceivably take some kind of action in relation to a fraud investigation).  The district courts holding that § 3731(b)(2) includes only the Attorney General or her designee within DOJ Civil (or in many cases, a Justice Department attorney, generally) tend to emphasize the False Claims Act's limited delegation of authority to investigate violations and to file a civil action under the statute.  *See Wells Fargo*, 972 F. Supp. 2d at 608 ("[T]he only government official . . . charged with responsibility to act under the FCA is the Attorney General (or his designee within DOJ)."); *United States v. Carell*, 681 F. Supp. 2d 874, 882 (M.D. Tenn. 2009) (holding that "the official referenced in [§ 3731(b)(2)] must be a Justice Department official," but not deciding whether "that official must actually be within the Civil Division of the Justice Department"); *Tech Refrigeration*, 143 F. Supp. 2d at 1009 (knowledge of "pertinent Department of Justice officials" is what matters); *United States v. Incorporated Village of Island Park*, 791 F. Supp. 354, 363 (E.D.N.Y. 1992) ("[T]he official . . . must be an official within the Department of Justice with the authority to act in the circumstances."); *United States v. Macomb Contracting Corp.*, 763 F. Supp. 272, 274 (M.D. Tenn. 1990); 28 C.F.R. § 0.45(d) ("[False Claims Act] matters are assigned to, and shall be conducted, handled, or supervised by, the Assistant Attorney General, Civil Division . . . .").

The only case that holds otherwise, *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, analogized to § 2416(c) and found that knowledge of facts held by "senior [Army]

---

[13] So far as the parties' briefing and the Court's own research indicate, no circuit court of appeals has considered this issue directly.  *See United States ex rel. Sanders v. N. Am. Bus Indus., Inc.*, 546 F.3d 288, 296 n.2 (4th Cir. 2008).

officials in charge of the Black Hawk project" was sufficient to start the limitations period under § 3731(b)(2). 777 F. Supp. 195, 204–05 (N.D.N.Y. 1991).[14] *Kreindler* is an outlier, and subsequent decisions have questioned its reasoning. *See Wells Fargo*, 972 F. Supp. 2d at 608. Courts that interpret "the official of the United States" broadly do so with little or no analysis, and therefore the Court is not persuaded by their result. The majority rule is the correct one, given the text and structure of the FCA.[15]

That the FCA's statute of limitations tolling provision refers to DOJ Civil, however, does not mean that discovery related to other agencies or government attorneys outside DOJ Civil is not available to KBR. The United States' contention that only publicly available government reports or memoranda are relevant to its knowledge is unduly narrow. That argument follows from the general tone of the government's briefing, and suggests that the only source of DOJ Civil's knowledge of factual matter that could have put it on notice of an FCA claim in this case was KBR itself. In support, the government has attached a declaration from one of its lawyers that describes a November 2010 presentation by KBR to DOJ Civil in which KBR tried to dissuade the government from filing an FCA claim (necessarily implying that KBR represented at that time that there was no evidence to show KBR's knowledge of the falsity of any of its claims). *See* Kolar Decl. ¶¶ 4–5.[16] Yet as KBR points out, many of the agencies that have investigated KBR's claims underlying this case have duties, typically based in agency policy, to

---

[14] KBR also cites *United States v. Kensington Hospital*, No. 90-5430, 1993 WL 21446 (E.D. Pa. Jan. 14, 1993), for the proposition that courts construe § 3731(b)(2) broadly. Any discussion of the issue in *Kensington Hospital* is dicta, the court there relied on § 3731(b)(1).

[15] This conclusion is bolstered by the general rule that "statutes of limitations are construed narrowly against the government." *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 95 (2006) (citing *E.I. Du Pont De Nemours & Co. v. Davis*, 246 U.S. 456 (1924)); *see also id.* at 96 ("A corollary of this rule is that when the sovereign elects to subject itself to a statute of limitations, the sovereign is given the benefit of the doubt if the scope of the statute is ambiguous.").

[16] The government's lawyer states that he has attached a letter from a KBR employee named Needham to a government investigator named Conry to his declaration, but there are no attachments.

11

report various kinds of misconduct to DOJ Civil. *See, e.g.*, United States Attorney's Manual § 9-42.010 ("Claims of fraud against the government involving more than $1,000,000 in single damages plus civil penalties also should be referred to the Civil Division's Commercial Litigation Branch."). If any of the many agencies that have looked into KBR's claims did, in fact, report facts that would put DOJ Civil on notice of a potential FCA claim then that surely would strengthen KBR's defense. That a report of fraud was made publicly or via private communication is not important; what matters is whether DOJ Civil received information that would have put it on notice (inquiry or otherwise) of a potential FCA claim.

Accordingly, KBR is entitled to discovery related to government communications to DOJ Civil that could tend to show DOJ Civil's knowledge of facts that should have put it on notice of any FCA claims arising out of KBR's alleged false claims. With the preceding analysis in mind, KBR may wish to retool its discovery requests.[17]

### 2.     Grand jury materials

KBR is not entitled to blanket discovery of grand jury materials from any related criminal investigation. Grand jury proceedings are secret. *See* Fed. R. Crim. Proc. 6(e)(2)(B) (listing "persons [who] must not disclose a matter occurring before the grand jury"); *United States v. Procter & Gamble Co.* 356 U.S. 677, 681 (1958); *Lucas v. Turner*, 725 F.2d 1095, 1099–1101 (7th Cir. 1984). Normally, the only people allowed into the grand jury room, and the only people aware of the proceedings, are the prosecutors, witnesses, grand jurors, and court reporter. Fed. R. Crim. Proc. 6(d). Some exceptions apply; as relevant to this case, "[d]isclosure of a grand-jury matter . . . may be made to . . . an attorney for the government for use in performing that attorney's duty . . . ." Fed. R. Crim. Proc. 6(e)(3). Additionally, the relevant statute permits

---

[17] The parties bicker over the relevancy of discovery of material dated after November 19, 2009. What the government learned after that date may not be relevant, but it does not follow that, for example, documents created after that date would not memorialize conduct or knowledge that supports KBR's defense.

any Department of Justice attorney to conduct grand jury proceedings, notwithstanding their assignment to a particular division, *see United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 428 (1983) (citing 28 U.S.C. § 515(a)), meaning a government lawyer normally assigned to the civil division could, in theory, take part in grand jury proceedings.

It is certainly conceivable (without speculating on the likelihood) that DOJ Civil attorneys either participated in grand jury proceedings, or else requested those materials at a later date pursuant to Rule 6(e)(3).[18] Indeed, one of the government lawyers assigned to this case participated in at least some of the earlier agency proceedings. No matter the source of DOJ Civil's knowledge, if it became aware of information uncovered during grand jury proceedings that reasonably should have put it on notice of an FCA violation related to the allegations in this case then KBR is entitled to discovery as to DOJ Civil's knowledge of that information—it would be difficult to imagine evidence more relevant to KBR's statute of limitations defense.

As a final point, this issue is particularly well-suited to staged or managed discovery. That is, a threshold inquiry of whether any DOJ Civil attorneys participated in any grand jury proceedings related to the alleged FCA claims or subsequently received any material arising out of such a grand jury must precede any discovery as to what actually transpired in front of the grand jury.[19]

---

[18] *See also* January 30, 2012 Attorney General Memorandum ("Where evidence is obtained by means of a grand jury, prosecutors should consider seeking an order under Federal Rule of Criminal Procedure 6(e) at the earliest appropriate time to permit civil, regulatory, or administrative counterparts access to material, taking into account the needs of the civil, regulatory, administrative, and criminal matters, including relevant statutes of limitations, and the applicable standards governing such an order.") (available at http://www.justice.gov/usam/organization-and-functions-manual-27-parallel-proceedings).

[19] This order deals only with whether KBR is entitled to discovery as to DOJ Civil's knowledge of facts uncovered during any grand jury proceedings. Should the parties disagree further over what portions, if any, of the grand jury transcripts should be discoverable, they are directed to meet and confer, bearing in mind Rule 6(e)(3)(E) and *Lucas v. Turner*, 725 F.2d 1095, 1101–02 (7th Cir. 1984) (discussing "particularized need" standard).

CONCLUSION

For the reasons stated above, KBR's motion for leave to file a reply, ECF No. 105, is GRANTED. The United States' motion for leave to file a sur-reply, ECF No. 109, is GRANTED. KBR's motion to compel discovery, ECF No. 100, is DENIED insofar as it seeks a legal determination that 31 U.S.C. § 3731(b)(2) should be construed to include federal government officials beyond the Attorney General or her designees. KBR may be entitled to discovery as to DOJ Civil's knowledge of any grand jury proceedings related to the contracts at issue in this case, as explained above.

The parties are directed to meet and confer in good faith to minimize the burden stemming from discovery on the statute of limitations defense. They should first focus their efforts on the government agencies or attorneys involved in any investigations of KBR's claims that have a policy or custom of reporting relevant information to DOJ Civil.

Entered September 16, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
