IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>KELLOGG BROWN & ROOT<br>SERVICES, INC, *et al.*,<br>    Defendants. | Case No. 4:12-cv004110-SLD-JEH |

**Order**

This matter is before the Court due to a dispute between the parties concerning the amount of time appropriate for the Federal Rule of Civil Procedure Rule 30(b)(6) deposition of the Defense Contract Management Agency (DCMA).[1] The DCMA designed Jerry Conry for the deposition, which took place on January 12, 2017. That deposition lasted 6 hours and 20 minutes. Kellogg Brown & Root Services, Inc. ("KBR") sought from the government additional time to continue the deposition of Conry, and the government offered it four additional hours of deposition time. Believing only four additional hours to still be insufficient, the parties raised this dispute with the Court at a status hearing held on January 23, 2017. At that hearing, the Court directed the parties to file briefs laying out their respective positions, and, the parties having done as directed, the matter is now ripe for a ruling. For the reasons set forth below, the Court grants KBR's request for additional time to depose Mr. Conry to the extent

---

[1] The parties are, of course, very familiar with the factual and procedural background in this case, which has been pending since November of 2012. Accordingly, the Court will only discuss those facts directly relevant to the issue at hand.

that it may do so for one additional 7-hour day and denies the government's request that the Court grant no additional time for the deposition.

Federal Rule of Civil Procedure 30(d)(1), imposes a limit on all depositions of one day for up to seven hours. However, the Rule also provides that that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." F.R.C.P. 30(d)(1). Rule 26, in turn, provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

KBR argues that additional time is warranted here because the DCMA, in its opinion, is the single most important government agency in the case, the agency shifted its position on a critical issue in the case, and the case in general is complex involving a government allegation of fraud in the range of $150,000,000. The government, on the other hand, argues that KBR previously deposed Conry in his individual capacity in a separate but related administrative proceeding for 2.5 days. They argue that there is considerable overlap between the topics covered in those previous depositions and the topics for the 30(b)(6) deposition. Moreover, according to the government, KBR elected to use much of its time for the 30(b)(6) deposition in re-deposing Conry on topics previously covered in the other depositions and should not now be rewarded for its choice to do so.

Both parties' arguments have some merit. On the one hand, somewhat unique in this case, KBR had the opportunity to depose Conry previously—albeit in an individual capacity—and chose to cover some old ground at the 30(b)(6) deposition. On the other hand, there is no question that this case is a very complex, high stakes case with the DCMA and Conry critical to an important issue in the case, *i.e.* whether cost data was required to resolve the First Kuwaiti Trading Company "Requests for Equitable Adjustment." Indeed, this very issue

was the subject of a previous, protracted discovery dispute among the parties. (D. 88-89, 94, Minute Entry of 9/22/2015).

Given the importance of the issues about which Conry's deposition must cover, their complexity, and the volume of documentary evidence related to them, the Court finds that more than the default 7-hour limit on the deposition is necessary to "fairly examine" Conry. F.R.C.P. 30(d)(1). However, given KBR's previous opportunities to depose Conry and its choice of how to use the time it has already spent on the deposition, an open-ended timeline to complete Conry's deposition is unreasonable and would give KBR no incentive to "be selective and carefully decide how to apportion [its] time." *Sulfuric Acid Antitrust Lit.*, 230 F.R.D. 527, 532 (N.D. Ill. 2005). As an alternative, KBR requests at least 2 additional deposition days, but here too the Court finds the request is unreasonable; tripling the default limit for a deposition where KBR has already spent a total of 3.5 days deposing Conry is excessively burdensome on the witness.

Rather, the Court finds that one additional, 7-hour day to complete Conry's deposition strikes the appropriate balance between KBR's need to "fairly examine" him and Rule 30(d)(1)'s goal of preventing "overlong depositions" and the costs and delays caused therefrom. *See* F.R.C.P. 30, 2000 Amendment advisory committee notes. Such a limitation will give KBR the additional time it needs to address the issues on which Conry will have information, while also encouraging it to use its time wisely and select its questions carefully. Of course, the government should also ensure that Conry is adequately prepared to address the topics for the 30(b)(6) deposition so that time is not wasted.

As a final matter, KBR requests leave to seek additional time if "further unwarranted delays [during the deposition] occur." KBR, however, does not need leave of the Court to file an appropriate motion under Rule 30 should it

3

believe there is a factual and legal basis for doing so. Moreover, given the extent to which opposing counsel in this case have heretofore striven to resolve issues independently without Court intervention and the good faith which all counsel have exhibited thus far while engaging in discovery, the Court believes the possibility that any such motion would be necessary is slight.

*It is so ordered.*

Entered on February 1, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE