UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-04110-SLD-JEH |
| ) | |
| KELLOGG BROWN & ROOT SERVICES, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court is a motion, ECF No. 149, by Plaintiff the United States of America ("the Government") seeking an injunction of administrative proceedings currently pending in the Armed Services Board of Contract Appeals ("ASBCA" or "the Board"), against Defendants Kellogg Brown & Root Services, Inc., Kellogg Brown & Root, LLC, and Overseas Administrative Services, Ltd. (collectively, "KBR"). The Magistrate Judge issued a Report & Recommendation, ECF No. 157, on April 28, 2017. The Government filed its Objections to the Report and Recommendation ("R & R"), ECF No. 169, on May 12, 2017. For the following reasons, the Court ADOPTS the R & R and DENIES the Government's Objections.

BACKGROUND[1]

In the early days of the Government's military involvement in Iraq, the United States Army entered into a contract with KBR, a government contractor, to provide housing trailers to American military bases via a subcontract with First Kuwaiti Trading Company ("First Kuwaiti"). The contract, entered in December 2011 and identified as the Logistics Civil Augmentation Program III ("LOGCAP III"), was valued originally at approximately $150

---

[1] Facts underlying the action are assumed and taken largely from the Amended Complaint, ECF No. 3; those pertinent to the Court's decision in this Order are recounted here.

1

million. After incurring approximately $50 million in extra cost paid to First Kuwaiti, allegedly the result of Government delay, KBR sought to have the extra costs reimbursed by the Government. What followed was a multi-year back-and-forth dispute over the payments, in which KBR filed a claim with the Armed Services Board of Contract Appeals, and, in turn, the Government filed suit against KBR in the federal district court, under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, and the anti-fraud provisions of the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–7109.

In August 2011, after its requests for reimbursement had been denied by review of various layers of government review, KBR filed an appeal to the Board. The Government filed the Complaint in this federal district court case on November 19, 2012, almost immediately thereafter moving to suspend or dismiss the ASBCA proceeding. The Board granted the Government's motion to dismiss on February 20, 2013, giving KBR a three year-window within which it could reinstate the claims in front of the Board. KBR moved to reopen the case right around the three-year mark, on February 17, 2016, after three years of discovery issues that delayed the production of pertinent data. The Board reinstated the action. The Government moved once again to stay the proceeding, but the Board denied that motion, as well as the Government's following motion to reconsider. Discovery continued in the Board proceeding and the district court. The Board set a trial date for September 18, 2017, more than 6 months before the trial date in the district court, which is set in March 2018. The Government now seeks relief from this Court, requesting that it invoke its power under the All Writs Act ("AWA") to stay the ASBCA proceeding.

In his Report and Recommendation ("R & R"), the Magistrate Judge expressed doubt that the AWA provides a means by which the Court could issue a writ halting an administrative

2

proceeding such as the one at issue here, and in any case, that such an injunction is not warranted in the circumstances of this case. R & R 4. In its Objections, the Government argues that the Court does, in fact, have authority under the AWA to grant an injunction to halt the ASBCA proceeding, Obj. 5; it further posits that the Court should utilize that authority because it is necessary and appropriate to avoid the ASBCA staging a "takeover of the fraud claim" when it determines the contract claim within its jurisdiction. Obj. 11.

## DISCUSSION

### I. District Court's Review of a Report and Recommendation

A district court reviews de novo any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

### II. Motion for Injunction Under the All Writs Act

The All Writs Act ("AWA"), 28 U.S.C. § 1651(a), establishes that "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The AWA provides an interstitial source of authority by which a federal court can address an issue that is not otherwise controlled by statute. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002).

The Government argues in support of its motion that the AWA injunction is appropriate where "the action of an administrative tribunal threatens to deprive an Article III court of the ability to consider matters properly within its jurisdiction," Mem. Supp. Injunction 8, ECF No. 149-1, and reiterated this argument in its Objections to the R & R. Obj. 2. The Government

argues that KBR and the Magistrate Judge erred by relying on the law concerning writs of mandamus in § 13 of the Judiciary Act of 1789, which is more limited in its application than the "all writs" power granted in § 14 of the Act. Obj. 3. The Government also argues that there is no way for the ASBCA to separate the facts related to the determination of the fraud allegations to those regarding the contract dispute, and that therefore the administrative proceeding should be stayed. Obj. 7.

It is uncontested by the parties that the Board, limited in its jurisdiction by the Contract Disputes Act, may not adjudicate the fraud claims alleged here by the Government. *Martin J Simko Constr., Inc. v. United States*, 852 F.2d 540, 545 (Fed. Cir. 1988). However, by its very nature, the Board certainly must be competent to adjudicate contract claims in which fraud is a component of the dispute—even a thoroughly intertwined one. *See Supreme Foodservice*, 2016 ASBCA LEXIS 201 at *64–65 (finding that the Board has the authority to "decide . . . contract rights even when fraud has been alleged" and has jurisdiction to "evaluate misrepresentations of fact," and engaging in nuanced analysis of how to separate fraud allegations); *BAE Sys. Tactical Vehicle Sys. LP*, ASBCA Nos. 59491, 60433 (2016) at *5–11 (denying a stay premised on the Government's argument that confusion of issues and judicial inefficiency would result from parallel FCA proceedings on a similar set of facts in district court). The Government has not provided a compelling reason why the facts at issue here are so extraordinary that they are outside of the general purview of the cases considered by the Board, such that allowing the Board's proceeding to continue would present special difficulties that might cause confusion in the later district court proceeding. The Board suggested as much when it reinstated the proceeding in 2016 after the lengthy stay: it found that the similarities of "facts, witnesses, and some issues" between the two proceedings—including facts and issues with which the Board is

very familiar—to be "insufficient to dismiss the appeal again." Admin. Op. on Gov't Mot. Suspend Appeal 2, ECF No. 149-6.

The Court shares the Magistrate Judge's doubt that the Court's jurisdiction comes under attack by allowing the administrative proceeding to go forward; insofar as the Court *could* grant the writ, it appears to be neither "necessary" nor "appropriate." As previously discussed, the Board is well aware of its duty to operate within its statutorily-defined powers, no party is attempting to evade the jurisdiction of the district court, and the Government does not allege that KBR is seeking nefarious ends by pursuing the ASBCA proceeding. *Cf. United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 911 F.Supp. 743, 752–53, (S.D.N.Y. 1996) (holding that an injunctive writ under the AWA to limit suits in other district courts was necessary when third parties could attempt to actively forum shop across the country and/or purposefully frustrate the issuing court's oversight of its consent decree). Simply put, the AWA provides a safety valve in the exceedingly rare occasions when a court must search for an "extraordinary remed[y]," and this is not such a situation. *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (noting that the AWA "does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").

Further, the Court agrees with the Magistrate Judge that the Government's motion conflates the Court's ability to exercise jurisdiction over the claims with its ability to parse the relevant facts and law and make legal determinations on the issues it encounters. The Government argues that "pure contract facts" must be identifiable to avoid the Board's usurpation of "*de facto* fraud jurisdiction," Obj. 11, but as the Magistrate Judge noted:

> the better time to address any potential conflict is after it has arisen, when the Court knows the precise nature of any conflict; the Court has familiar and well-established legal

principles for dealing with conflicts after they have arisen; and a decision by the Board has the potential of benefitting this litigation, rather than complicating it.

R & R 7. The Court does not agree with the Government that allowing the proceeding to go on will "seriously impair the federal court's flexibility and authority to decide [the] case[,]" *Atlantic Coast Line R.R. Co. v. Bhd. Of Locomotive Engineers*, 398 U.S. 281, 295 (1970), and therefore adopts the Magistrate Judge's recommendation that an injunction under the All Writs Act be denied.

## CONCLUSION

The Court ADOPTS in full the Magistrate Judge's Report & Recommendation, ECF No. 157. The Government's Motion for Injunction under the All Writs Act, ECF No. 149, is DENIED.

Entered July 19, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE